IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:20-CV-319

| | |
|---|---|
| KYLE TORRES, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| BURNS & WILCOX, LTD., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's Motion to Transfer. (Doc. No. 3). Plaintiff Kyle Torres signed an "Individual Production Award" ("Agreement") with Defendant. The Agreement provides that any "action arising under [the] Agreement shall be brought in the Sate courts of Michigan in Oakland County, Michigan or in the Federal court for the Eastern District of Michigan, Southern Division." The Agreement also contains a non-disclosure provision, which forms the basis of the dispute in this case. Plaintiff does not dispute either of these facts. Instead, Plaintiff alleges that the Court must decide its Motion to Remand before deciding Defendant's Motion to Transfer, and that, even if transfer of venue is appropriate under the Agreements, such transfer is not *required*. The Court determines that it may consider Defendant's Motion to Dismiss prior to the Motion to Remand and that transfer is appropriate.

"[J]urisdictional questions ordinarily must precede merits determinations in dispositional order." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431, 127 S. Ct. 1184, 1191 (2007). However, "there is no mandatory sequencing of jurisdictional issues." *Id.* (citation and internal quotations omitted). That is because "jurisdiction is vital only if the court proposes to issue a judgement on the merits." *Id.* (citing *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir.

2006)). Here, judicial economy would be disserved by continuing litigation in the Western District of North Carolina if the parties have agreed to litigate this case in Michigan. Thus, the Court considers first whether this case should be transferred.

Plaintiff does not argue that there has been no agreement to litigate this case in Michigan; instead, he argues that the Court should not transfer the case to Michigan because (1) the forum selection clause is unenforceable under common law and (2) 28 U.S.C. § 1404(a) disfavors a transfer. "The common-law doctrine of *forum non conveniens* has continuing application in federal courts only in cases where the alternative forum is abroad, and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S. Ct. 1184, 1190 (2007) (citations and internal quotations omitted). "For the federal court system, Congress has codified the doctrine [under 28 U.S.C. § 1404(a)] and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Id.* (citing 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.")).

Here, Defendant does not seek transfer to a forum abroad and thus the Court need only consider transfer under 28 U.S.C. § 1404(a). "[A] proper application of §1404(a) requires that a forum-selection clause be "given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 59-60, 134 S. Ct. 568, 579 (2013). That is because, "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Id.* at 583. "A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a

critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id.* Consequently, the only factors that a district court may consider when evaluating a § 1404(a) motion to transfer are public-interest considerations, though those considerations "will rarely defeat a transfer motion." *See id.* at 64.

Plaintiff's primary objection is a public-interest one—that Michigan law is less favorable to his claims than North Carolina law. However, "a plaintiff who files suit in violation of a forum-selection clause" is not entitled to any "concomitant state law advantages." *Id.* at 65. Here, the agreed upon forum is Michigan—Plaintiff may not improperly file his case in North Carolina simply to decry the proper venue as less favorable and thus contrary to public interest. Thus, Plaintiff has failed to provide a sufficient basis on which to override the controlling weight given to the forum selection clause in the Agreement.

For the reasons stated above, Defendant's Motion to Transfer is **GRANTED**. Plaintiffs' Motion to Stay (Doc. No. 11) and Motion to Remand (Doc. No. 9) are **MOOT**. The Court directs the Clerk of Court to transfer this action to the U.S. District Court for the Eastern District of Michigan, Southern Division.

**SO ORDERED**.

Signed: July 28, 2020

Graham C. Mullen
United States District Judge